UNITED STATES of America, Plaintiff,

v.

Brenda Lu SMITH, Defendant.

No. 92–20011–01.

United States District Court,
D. Kansas.

July 12, 1993.

Julie A. Robinson, Asst. U.S. Atty., Kansas City, KS, for the U.S.

Alfred J. Kolom, Overland Park, KS and James R. Wyrsch, Ronald D. Lee, and Cheryl A. Pilate, Kansas City, MO, for defendant.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

■ On May 20, 1993, this court sentenced Brenda Lu Smith to a sentence of 48 months imprisonment, 3 years supervised release, $75,000 fine and $250 special assessment. On May 26, 1993, pursuant to this court's order, defendant appeared and surrendered herself to the United States Marshal. On June 10, 1993 defendant was transferred to the Federal Prison for Women at Lexington, Kentucky. Defendant has filed a motion for recommendation to retain defendant at place of confinement near place of trial pursuant to Fed.R.Crim.P. 38(b) (Doc. # 287). Defendant seeks to be placed at the CCA–Leavenworth Detention Center in Leavenworth, Kansas.

Federal Rule of Criminal Procedure 38(b) provides:

> **(b) Imprisonment.** A sentence of imprisonment shall be stayed if an appeal is taken from the conviction or sentence and the defendant is released pending disposition of appeal pursuant to Rule 9(b) of the Federal Rules of Appellate Procedure. If not stayed, the court may recommend to the Attorney General that the defendant be retained at, or transferred to, a place of confinement near the place of trial or the place where an appeal is to be heard, for a period reasonably necessary to permit the defendant to assist in the preparation of an appeal to the court of appeals.

Defendant Smith contends that the fact that she is being held in Lexington, Kentucky dramatically reduces her opportunity to consult with her attorneys and that although air travel by her attorneys would make occasional in-person consultation possible, the costs associated with such travel would place too great a burden on her. Ms. Smith further contends that regular consultation with her attorneys is necessary to explore the possibility of her providing cooperation to the government on other matters that may be investigated or prosecuted.

In response to defendant's motion, the government notes that the costs associated with housing defendant at the CCA–Leavenworth Detention Center will cause a burden to the Marshal's Service. The government states that the Marshal's service has a contractual fee arrangement with the CCA and is charged a daily rate for each prisoner housed there. The Marshal's Service estimates that housing the defendant at the CCA would cost the Marshal's Service more than $1000 for a week to ten days, and more than $6000 for an additional two months.

■ The case authority dealing with Rule 38(b) is exceedingly sparse, and the court has found no guidance from reported cases as to the problem presently before it. However, it is clear from the plain language of the Rule that it is within the Sentencing Court's discretion to recommend that a defendant be housed at a facility near the place of trial to assist in the preparation of an appeal.

The court finds that the facts of the present case do not warrant a recommendation that defendant be returned to the CCA in Leavenworth. While the court believes it preferable that an incarcerated defendant be housed at a location convenient for consultation with his or her attorneys, the court does not believe such a result is mandated no matter what the costs or logistics involved. In this case, the cost to the Marshal's Service to house Ms. Smith at the CCA would be great. Defendant's appeal will be based on the record before this court, and defendant has not made any particularized showing that she needs to be in constant contact with her attorneys to perfect her appeal. Additionally, while defendant makes a general statement that the cost of airfare for her attorneys to fly to Lexington would place a burden upon her, such statement is not supported by any evidence documenting her ina-

bility to pay such costs. Accordingly, defendant's motion will be denied.

**IT IS, THEREFORE, BY THE COURT ORDERED THAT** defendant's motion to retain defendant at place of confinement near place of trial pursuant to Fed.R.Crim.P. 38(b) is denied.

**IT IS SO ORDERED.**